IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW AND LAUREN HACKNEY,
*individually and on behalf of their minor
Daughter, K.H.,*

|  |  |
|---|---|
| Plaintiffs, | CIVIL DIVISION |
| v. | |
| ALLEGHENY COUNTY et al., | 2:24-cv-00472 – WSH-KT |
| Defendants. | |

## DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

Defendants, by and through undersigned counsel, hereby file the within Objections to the Magistrate Judge's Report and Recommendation (ECF No. 43), as follows:

## I.      INTRODUCTION

Plaintiffs' Second Amended Complaint sets forth seven counts against Allegheny County and individual Defendants: Count I, Substantive Due Process; Count II, Procedural Due Process; Count III, Unconstitutional Custom, Policy, or Practice (42 U.S.C. § 1983); Count IV, Failure to Train, Supervise, Discipline, or Adopt Necessary Policies (42 U.S.C. § 1983); Count V, Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985); Count VI, Disability Discrimination (Americans with Disabilities Act); and Count VII, Disability Discrimination (Rehabilitation Act).

The Magistrate Judge recommended that Plaintiffs' Substantive and Procedural Due Process claims be dismissed, as well as Plaintiffs' Conspiracy claim. The Magistrate Judge recommended that Plaintiffs' two claims for disability discrimination (ADA and Rehabilitation Act) proceed. As to Plaintiffs' Monell claims (Counts III and IV), the Magistrate Judge

recommended that Count III (unconstitutional custom, policy, or practice) be allowed to proceed but recommended that Count IV (failure to train, supervise, discipline, or adopt necessary policies) be dismissed.  For reasons that follow, Defendants object to the Magistrate Judge's Report and Recommendation as to Counts III and IV.[1]

## II.    ARGUMENT

**A.    Defendants object to the Magistrate Judge's Report and Recommendation as to Count III of Plaintiffs' Second Amended Complaint on the basis that this claim should be dismissed given the recommended dismissal of Plaintiffs' predicate constitutional claims.**

Defendants object to the Magistrate Judge's Report and Recommendation as to Count III of Plaintiffs' Second Amended Complaint, which asserts a claim for Unconstitutional Custom, Policy, or Practice against this Defendant under 42 U.S.C. § 1983.  (ECF No. 23, p. 43.)  The basis for Defendants' objection is that by recommending the dismissal of Plaintiffs' substantive and procedural due process claims, the only constitutional claims alleged, but also recommending that Plaintiffs' Monell claim (set forth in Count III) survive Defendants' Motion to Dismiss, the Magistrate Judge did not account for the well-established principle that Monell claims require a predicate constitutional violation.  Without any predicate constitutional violation, Plaintiffs' Monell claim for unconstitutional custom, policy, or practice should also be dismissed. Defendants' objection is set forth more fully at length as follows:

Generally, local governments are considered persons under Section 1983 and may be sued directly under that section when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Monell v. Dept. of Soc. Servs. of City of NY, 436 U.S. 658, 690 (1978).

---

[1] Defendants object to the Magistrate Judge's Report and Recommendation as to Count IV only to the extent that it does not include an additional basis, addressed herein, for dismissal.

"[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694; see also Mulholland v. County of Berks, 706 F.3d 227, 237 (3d Cir. 2013) ("When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." (quotation marks omitted)).

"A successful Monell claim must [] establish: (1) an underlying constitutional violation; (2) a policy or custom attributable to the municipality; and (3) that the constitutional violation was caused by the municipality's policy or custom." Hargrove v. City of Phila., 671 F.Supp.3d 595 (E.D.Pa. 2023) (citing Monell v. Dept. of Social Service of City of New York, 436 U.S. 658 (1978); see also McTernan v. City of York, Pa, 564 F.3d 636, 657 (3d Cir. 2009) (holding that a municipality can only be held liable for a § 1983 claim where there is a "constitutional transgression" that implements a policy or custom of the municipality.)   "Therefore, the requirement of an underlying constitutional violation is implicit in the Third Circuit's Monell framework." Lansberry v. Altoona Area Sch. Dist., 356 F. Supp. 3d 486, 497 (W.D. Pa. 2018) (citing Gayemen v. Sch. Dist. of City of Allentown, 2016 WL 3014896, *12 (E.D. Pa. May 26, 2016)).

Count III must be dismissed because the Magistrate Judge's Report and Recommendation dismissed Plaintiffs' constitutional claims and their Monell claim cannot proceed where there is no predicate constitutional violation. Lesher v. Zimmerman, 822 Fed.App'x. 116, 121 (3d Cir. 2020) (holding that "[b]ecause we conclude that there has been no violation of Lesher's [plaintiff's] constitutional rights, the claims against the School District [defendant government]

must be dismissed as a matter of law."); see also  K.W. by & through White v. Se. Pennsylvania Transportation Auth., 760 F. App'x 104, 109 (3d Cir. 2019) (emphasis added) (holding that the plaintiff's Monell claim failed because the plaintiff failed to allege the "predicate constitutional violation" for that claim); see also, City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual [municipal employee], the fact that the departmental regulations might have authorized [unconstitutional conduct] is quite beside the point."); Lansberry, supra (dismissing Monell claim because there was no constitutional violation alleged).

The only constitutional violations alleged in Plaintiffs' Second Amended Complaint are set forth in Counts I (Substantive Due Process) and Count II (Procedural Due Process), but the Magistrate Judge recommended that those claims be dismissed.  Without any remaining predicate constitutional claims, Plaintiffs' Monell claim for an unconstitutional custom, policy, or practice is a legal nullity.

A similar issue was addressed in Braunstein v. Paws Across Pittsburgh, 2019 WL 1458236 (W.D. Pa. 2019), where the plaintiff brought claims for 14th Amendment malicious prosecution and reckless investigation under Section 1983 against the individual defendant, a police officer and board member of the municipal defendant, Paws Across Pittsburgh, against which the plaintiff advanced a Monell action.[2]  2019 WL 1458236, at *1.  In that case, the court dismissed both constitutional claims against the individual defendant on the grounds that the police officer was entitled to qualified immunity.  Id. at *12.  Once those claims were dismissed, the court dismissed the remaining Monell claim against the municipal defendant, holding that "[h]ere, the Court has found that Officer James is entitled to qualified immunity on Plaintiff's Fourteenth Amendment

---

[2] Paws Across Pittsburgh did not challenge whether it was a state actor in its motion to dismiss.

malicious prosecution and reckless investigation claims.  As there are no constitutional claims remaining against Officer James, Plaintiff's <u>Monell</u> liability claim against Paws must be dismissed."  <u>Id.</u>; <u>see also</u> <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 467 (3d Cir. 1989) (finding that as all individually sued officers were not liable for civil rights violations, municipality was not liable).  Here, as in <u>Braunstein</u>, the Magistrate Judge should have recommended the dismissal of Plaintiffs' <u>Monell</u> claim given that Plaintiffs' due process claims were dismissed.

Without any remaining predicate constitutional claims, Plaintiffs' <u>Monell</u> claim for an unconstitutional custom, policy, or practice is legally insufficient and should be dismissed.  For these reasons, Defendants object to the Magistrate Judge's Report and Recommendation as to Count III of Plaintiffs' Amended Complaint.

**B.      Defendants object to the Magistrate Judge's Report and Recommendation as to Count IV of Plaintiffs' Second Amended Complaint only to the extent that while it recommends dismissal of Count IV, it does not include as a basis for dismissal the lack of predicate constitutional claims.**

Defendants object to the Magistrate Judge's Report and Recommendation as to Count IV of Plaintiffs' Second Amended Complaint, which asserts a claim for Failure to Train, Supervise, Discipline, or Adopt Necessary Policies against this Defendant under 42 U.S.C. § 1983.  (ECF No. 23, p. 43.)  The basis for Defendants' objection is that while the Magistrate Judge did recommend dismissal of this claim, the grounds for recommended dismissal did not include the well-established principle, addressed above, that that <u>Monell</u> claims require a predicate constitutional violation.  Without any predicate constitutional violation, Plaintiffs' <u>Monell</u> claim for failure to train, supervise, discipline, or adopt necessary policies should also be dismissed on this separate and additional basis. Defendants' objection is set forth more fully at length as follows:

The Magistrate Judge recommended that Plaintiffs' <u>Monell</u> claims for failure to train or supervise be dismissed on two grounds: first, Plaintiffs failed to allege facts that amount to the

requisite "deliberate indifference" to the rights of persons with whom Defendants' employees will come into contact, rendering Plaintiffs' claim legally insufficient; and 2) that "to the extent Plaintiffs allege negligence by Allegheny County, that behavior does not violate the Constitution, and, in Pennsylvania municipalities are 'generally…immune from tort liability' except in certain situations that are inapplicable to these facts." (ECF 43, p. 17.) The Magistrate Judge did not, however, recommend dismissal on the basis that Plaintiffs' constitutional claims were pending dismissal and therefore their Monell claim had no predicate constitutional claim.

Defendants reiterate their argument, set forth above, as to the Magistrate Judge's failure to dismiss Plaintiff's Monell claim for failure to train, supervise, discipline, or adopt necessary policies. See K.W. by & through White, 760 F. App'x at 109 (holding that "Plaintiffs' Monell and supervisory liability claims also fail. Both of these claims require a predicate constitutional violation."). Without any remaining predicate constitutional claims, Plaintiffs' Monell claim for failure to train, supervise, discipline, or adopt necessary policies is legally insufficient and should be dismissed. For these reasons, Defendants object to the Magistrate Judge's Report and Recommendation as to Count IV of Plaintiffs' Amended Complaint.

## III.    CONCLUSION

For the above-stated reasons, Defendants object to the Magistrate Judge's Report and Recommendation as to Counts III and IV of Plaintiffs' Second Amended Complaint.

*/s/ Jake S. Lifson*
Jake S. Lifson
Assistant County Solicitor
Pa. I.D. #201384

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1108

jake.lifson@alleghenycounty.us
*Counsel for Defendants*